UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eddie J. Adair ) | Civil No. 10cv166 AJB (POR) |
| ) | |
| Petitioner, ) | **ORDER DENYING PETITION FOR** |
| v. ) | **WRIT OF HABEAS CORPUS** |
| ) | |
| Matthew Cate, ) | |
| ) | |
| Respondent. ) | |

    Petitioner, Eddie J. Adair, a state prisoner, proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On August 1, 2010, Petitioner filed a first amended complaint. Respondent filed an answer and Petitioner filed a traverse. After a thorough review, this Court DENIES and DISMISSES the Petition for Writ of Habeas Corpus for the reasons outlined below.

**Procedural Background**

    On January 23, 2008, a jury convicted Petitioner of corporal injury on a spouse in violation of California Penal Code ("Penal Code") section 273.5(a) and arson in violation of Penal Code section 451(d). (CT at 142-43.) He was sentenced to 12 years in state prison, consisting of a term of six years for the corporal injury to a spouse, a concurrent four years for the arson, a consecutive term of five years for the serious felony enhancement and a consecutive one year term for the prison prior. (CT at 103-04; 146.)

On April 24, 2008, Petitioner filed an appeal with the Court of Appeal arguing that the one year sentence on the prison prior must be vacated because it was based on the same prior conviction as the serious felony prior. (Lodgment 7.) The People did not oppose. (Id.) On October 14, 2008, the Court of Appeal modified the judgment and struck the one year enhancement for the prior prison term. (Id.)

On December 5, 2008, Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court. (Lodgment 8.) On January 29, 2009, the San Diego Superior Court denied the petition finding the claims "unintelligible." (Id.) Alternatively, the court also found that he failed to establish a prima facie showing of ineffective assistance of counsel. (Id.)

On February 25, 2009, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal. (Lodgment 9.) On May 29, 2009, the Court of Appeal denied the petition, finding it "incomprehensible," and therefore failed to state a prima facie case for relief. (Id.) The Court of Appeal also stated that the sentencing issues could have been raised on direct appeal. (Id.)

On July 6, 2009, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Lodgment 3.) On December 2, 2009, the California Supreme Court denied the petition in a one line denial with a citation to In re Clark, 5 Cal. 4th 750 (1993). (Lodgment 3.)

On January 20, 2010, Petitioner filed the instant petition for writ of habeas corpus. (Dkt. No. 1.) On February 10, 2010, Petitioner filed an application for a stay and abeyance. (Dkt. No. 5.) On July 13, 2010, the Court adopted the report and recommendation of the Magistrate Judge and denied Petitioner's motion for a stay and abeyance. (Dkt. No. 16.)

On August 1, 2010, Petitioner filed a first amended complaint. On October 25, 2010, Respondent filed an answer. Petitioner filed a traverse on February 19, 2011. On October 14, 2010, the parties consented to Jurisdiction by U.S. Magistrate Judge. (Dkt. No. 23.) On March 11, 2011, then Magistrate Judge Battaglia was elevated to District Judge and the case was reassigned to Judge Battaglia as the District Judge.

**Factual Background**

On September 20, 2007, Petitioner and his wife were at a motel when they had an argument which became physical. (1 RT 33-38.) Petitioner pulled out some of his wife's hair, slapped her, and hit her with his fists and a wooden clothes hanger. (1 RT 37-38, 156-157, 161, 191.) After the fight, at

Petitioner's direction, his wife took a shower and got dressed. (1 RT 44.) Petitioner was waiting for her in her car. (1 RT 49.) His wife got into the rear seat, and Petitioner told her to get in the front seat. (1 RT 51-52.) When she refused, Petitioner opened the rear passenger door, grabbed her leg, and pulled her out of the car. (1 RT 52-54, 192.) As they struggled, Petitioner's wife's dress was ripped off. (1 RT 55.) Petitioner got back in the car and drove around the motel, came back and threw the room key at his wife and drove off. (1 RT 60, 192.)

Shortly thereafter, Petitioner called his wife and told her she could find her car on the street where his mother lived. (1 RT 61-62.) He then called again and told her the next time she saw her car it would be burning from the inside out. (1 RT 62.) The car was subsequently found on fire, which was started in the trunk by a match or lighter. (2 RT 215-17.)

## Discussion

Petitioner raises four claims in his petition. First, he claims ineffective assistance of trial counsel. Second, he argues ineffective assistance of appellate counsel for failing to file a claim of ineffective assistance of trial counsel. Third, he alleges prosecutorial misconduct. Lastly, he asserts trial court error in sentencing Petitioner in violation of his Fourteenth Amendment Right to due process.

**A.    Scope of Review**

28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). As amended, the AEDPA now reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was <u>contrary to</u>, or involved an <u>unreasonable application</u> of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

1    To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). See
2 Williams v. Taylor, 529 U.S. 362, 403 (2000). The threshold question is whether the rule of law was
3 clearly established at the time petitioner's state court conviction became final. Id. at 406. Clearly
4 established federal law, as determined by the Supreme Court of the United States "refers to the holdings,
5 as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." Id.
6 at 412; see also Lockyer v. Andrade, 538 U.S. 63, 71 (2003). However, Ninth Circuit case law may be
7 "persuasive authority for purposes of determining whether a particular state court decision is an
8 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly
9 established.'" Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000). Only after the clearly
10 established Federal law is identified can the court determine whether the state court's application of that
11 law "resulted in a decision that was contrary to, or involved an unreasonable application of" that clearly
12 established Federal law. See Lockyer, 538 U.S. at 71-72.
13    A state court decision is "contrary to our clearly established precedent if the state court applies a
14 rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of
15 facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a
16 result different from our precedent." Williams, 529 U.S. at 405-406. "A state-court decision involves
17 an unreasonable application of this Court's precedent if the state court identifies the correct governing
18 legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's
19 case" or "if the state court either unreasonably extends a legal principle from our precedent to a new
20 context where it should not apply or unreasonably refuses to extend that principle to a new context
21 where it should apply." Id. at 407. Under Williams, an application of federal law is unreasonable only
22 if it is "objectively unreasonable." Id. at 409. Further, a state court's decision results in a "decision that
23 was based on an unreasonable determination of the facts in light of the evidence presented in State court
24 proceeding" if it "is so clearly incorrect that it would not be debatable among reasonable jurists."
25 Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997) (citations omitted).
26    In making such a determination under AEDPA, the court looks to the state's last reasoned
27 decision. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where there is no reasoned decision from
28 the state's highest court, the Court "looks through" to the underlying appellate court decision. Ylst v.

Nunnemaker, 501 U.S. 797, 801-06 (1991).  A state court need not cite Supreme Court precedent when resolving a habeas corpus claim.  Early v. Packer, 537 U.S. 3, 8 (2002).  "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" id., the state court decision will not be "contrary to" clearly established federal law.

When a federal habeas court is faced with reviewing a state court denial for which there is no reasoned decision, however, the deferential standard under § 2254(d) cannot be applied because there is "nothing to which we can defer."  Luna v. Cambra, 306 F.3d 954, 960 (9th Cir. 2002).  Under such circumstances, "[f]ederal habeas review is not *de novo* . . . but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law."  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

It is only when a state court could not reach the merits of a claim (e.g. because a procedural bar prevented it) that "AEDPA's standard of review does not apply."  Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002).  In such a case, review by the federal court is *de novo*.  Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002); see Hayes v. Brown, 399 F.3d 972, 978 (9th Cir. 2005) (en banc) (noting that pre-AEDPA habeas review provides that "state court judgments of conviction and sentence carry a presumption of finality and legality and may be set aside only when a state prisoner carries his burden of proving that [his] detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."); but see Frantz v. Hazey, 533 F.3d 724, 737-39 (9th Cir. 2008) (en banc) (holding that even if state court does not address the constitutional issue, where the reasoning of the state court is relevant to resolution of the constitutional issue, that reasoning must be part of federal habeas court's consideration even under a *de novo* review).

**B.      Ineffective Assistance of Counsel**

The clearly established United States Supreme Court law governing ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Baylor v. Estelle, 94 F.3d 1321, 1323 (9th Cir. 1996) (stating that Strickland "has long been clearly established federal law determined by the Supreme Court of the United States"); Jones v. Wood, 114 F.3d 1002, 1013 (9th Cir. 1997).  A habeas petitioner must satisfy two requirements to demonstrate his assistance of counsel was so defective that habeas relief is warranted.  First, the petitioner must show that counsel's performance

was deficient. Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, the petitioner must show counsel's deficient performance prejudiced the defense. Id. The test for prejudice requires that the defendant show that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. Id. at 694. In other words, petitioner must demonstrate his counsel's error rendered the result unreliable or the trial fundamentally unfair. Fretwell v. Lockhart, 506 U.S. 364, 372 (1993); Strickland, 466 U.S. at 694. Review of counsel's performance is "highly deferential" and there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment." United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1987); see Strickland, 466 U.S. at 690. The question is not what defense counsel could have pursued but rather whether the choices made were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir. 1998). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S. at 700.

**1.     Ineffective Assistance of Trial Counsel**

Petitioner argues that trial counsel failed to "seek police discovery of Officer Little" because the police report stated that there was no weapon used or impounded and such testimony would have contradicted the victim's testimony that she was beaten with a wooden hanger. Second, he contends that trial counsel was ineffective for having Petitioner stipulate to his 2007 conviction for discharging a firearm in a grossly negligent manner. Lastly, he argues that trial counsel was ineffective for advising him to bifurcate his trial on his priors and to waive a jury trial on the priors.

**a.     Failure to Subpoena Officer Little**

Petitioner argues that trial counsel failed to subpoena Officer Little to testify regarding the collection of evidence taken and such testiomony would have contradicted the victim's statements that she was beaten by a wooden hanger. Respondent opposes arguing the Petitioner has not demonstrated counsel's deficient performance or any prejudice.

The California Supreme Court denied his petition for writ of habeas corpus in a summary one-line denial. (Lodgment 9.) Where there is no reasoned decision from the state's highest court, the Court

"looks through" to the underlying appellate court decision. Ylst, 501 U.S. at 801-06. On May 29, 2009, the Court of Appeal denied the claim for ineffective assistance of counsel because it failed to state a prima facie case for relief as the petition was incomprehensible. (Lodgment 8.) Since there is no reasoned state court opinion, the Court must conduct an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law. See Delgado, 223 F.3d at 982.

First, it appears Petitioner is mistaken as to the identify of the Officer who wrote the police report. The reporting officer was Officer J. Mendoza, not Officer Little. (Pet. at 10[1].) The report states that Officer Little was the officer who took photographs at the scene. (Id.) At trial, Officer Mendoza, the reporting officer, testified and was subject to cross-examination. (RT at 181-199.) Therefore, his argument that trial counsel failed to subpoena Officer Little is without merit. Further, a violation of corporal injury on a spouse under Penal Code section 273.5 does not require the use of a weapon. See Cal. Penal Code 273.5.[2] The victim testified to being slapped, punched and her hair being pulled out, (1 RT 37-38), and the injuries were photographed and corroborated by the police. (1 RT 156-57, 161, 164-65, 167, 191, 194.) Therefore, even if he had the opportunity to cross-examine the officer about the absence of a weapon in the police report, the result of the proceedings would not have been different. Ttrial counsel was not deficient for failing to subpoena Officer Little at trial because he was not the reporting officer and was not involved in the collection of evidence. Accordingly, after an independent review, the Court concludes that the state court did not err in its application of controlling federal law. See Delgado, 223 F.3d at 982.

### b. Stipulating to his 2007 Conviction

Petitioner contends that trial counsel was ineffective when he stipulated to Petitioner's prior conviction for discharging a firearm in a grossly negligent manner pursuant to Penal Code section 246.3.

---

[1] The page numbers are based on this Court's docketing system.

[2] "Any person who willfully inflicts upon a person who is his or her spouse . . . corporal injury resulting in a traumatic condition, is guilty of a felony . . . ." Cal. Penal Code § 273.5.

1 Respondent argues that Petitioner does not explain how trial counsel was ineffective for stipulating to
2 the fact of the conviction.

3 Prior to trial, the prosecution sought to admit into evidence the prior convictions of corporal
4 injury to a spouse and discharging a firearm in a grossly negligent manner entered on January 16, 2007
5 in case no. SCD202611. (1 RT 2-3; ACT[3] at 2.) After hearing oral argument, the trial court granted the
6 People's motion to admit the prior convictions and ruled that the convictions in case no. SCD202611
7 were admissible. In discussing how the prosecution would prove the prior convictions, defense counsel
8 agreed to stipulate to the fact of the convictions.[4] (1 RT 6-7.) On January 16, 2008, Petitioner signed a
9 stipulation that on January 16, 2007, he "pled guilty to Discharging a Firearm in a Grossly Negligent
10 Manner and Corporal Injury to a Spouse/Cohabitant, Jaoquina Lee." (1 RT 77; 1 CT 90.) At trial, the
11 prosecutor read the stipulation to the jury. (1 RT 77.)

12 On May 29, 2009, the Court of Appeal denied the claim for ineffective assistance of counsel
13 because it failed to state a prima facie case for relief as the petition was incomprehensible.[5] (Lodgment
14 8.) Since there is no reasoned state court opinion, the Court must conduct an independent review of the
15 record to determine whether the state court clearly erred in its application of controlling federal law.
16 See Delgado, 223 F.3d at 982.

17 Petitioner summarily argues that his Fifth Amendment rights were violated when trial counsel
18 stipulated to the prior convictions without providing any additional arguments or facts. He does not
19 explain why his constitutional rights were violated and what trial counsel could have done differently
20 after the trial court granted the People's motion to admit the prior conviction. Since Petitioner only
21 presents a conclusory allegation, his claim fails to provide a basis for habeas relief. See Jones v.
22 Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995) (stating that conclusory allegations are not sufficient to

---

[3]ACT is the Augmented Clerk's Transcript in Lodgment 4.

[4]From the record, it appears that defense counsel consulted with Petitioner prior to making her argument. (1 RT 6-7.) When asked about the defense's position, defense counsel stated, "Just one moment." Then she stated, "Your honor, on behalf of my client, again, we would ask the court not to allow the admission of that evidence, but, if the court is to allow it, that it would be limited to the fact of the conviction, and we would be prepared to enter a stipulation to that." (Id.)

[5]Contrary to Respondent' argument, this claim was exhausted before the California Supreme Court. (Lodgment 3, Cal. Supreme Court Pet. at 10.)

support habeas relief).  Accordingly, the Court DENIES the claim for ineffective assistance of trial counsel for stipulating to his 2007 convictions.

    c. **Bifurcating Trial on Prior Strike, Serious Felony Prior, Prison Prior and Waiving Jury Trial on the Priors**

  Petitioner also argues that trial counsel was ineffective for advising him to bifurcate his trial on his prior strike, serious felony prior, and prison prior, and waiving his jury trial on the priors.  Respondent opposes.

  The California Supreme Court denied the petition in a one-line denial. (Lodgment 3.)  Since there is no reasoned state court opinion, the Court must conduct an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law.  See Delgado, 223 F.3d at 982.

  Prior to trial, the defense moved to bifurcate the trial of the priors.  (1 RT 10.)  The trial court granted the motion and asked whether there would be a jury waiver.  (Id.)  Defense counsel discussed the issue with Petitioner and after discussion off the record, Petitioner stated that he would be waiving his right to a jury on the priors.  (Id. at 10-11.)

  Petitioner summarily states that he did not have effective assistance of counsel when counsel requested the birfurcation of the trial of the priors and waived his right to a jury trial on the priors.  He has not provided specific reasons to support his claim.  See Jones, 66 F.3d at 204-05.  Accordingly, the Court DENIES his claim of ineffective assistance of counsel as to the issue of bifurcation and waiving a jury trial on the priors.

  **2.** **Ineffective Assistance of Appellate Counsel**

  Petitioner argues that appellate counsel was ineffective for failing to argue that his trial counsel was ineffective for failing to subpoena Officer Little, and stipulating to the 2007 prior conviction.  Because the Court has determined that trial counsel did not provide Petitioner with ineffective assistance of counsel for failing to subpoena Officer Little and for stipulating to the 2007 prior conviction, the Court also DENIES Petitioner's claim for ineffective assistance of appellate counsel.

**C.** **Prosecutorial Misconduct**

  Petitioner argues that there was prosecutorial misconduct when the prosecutor stipulated to the prior conviction and it was presented to the jurors.  In addition, he claims that the prosecutor violated his

rights when the trial was birfurcated, a jury trial was waived and he was not subject to the provision that a "prior that is over 10 years old is subject to a wash out period." (Pet. at 37.)

The California Supreme Court denied the petition in a one-line denial. (Lodgment 3.) The Court of Appeal did not address Petitioner's argument of prosecutorial misconduct.[6] Therefore, the Court reviews the issue *de novo*. See Pirtle, 313 F.3d at 1167.

As stated above, the Court concluded that there was no ineffective assistance of counsel as to his claim regarding stipulating to the prior conviction and bifurcating the trial and waiving jury trial on the priors. Petitioner brings the same issues as a prosecutorial misconduct issue. It is not clear how there was any prosecutorial misconduct for Petitioner agreeing to stipulate to the prior conviction and at defendant's request, a motion to bifurcate and his open affirmation in court that he sought to waive his jury trial. The prosecutor had no role in persuading or requiring Petitioner to stipulate or waive his rights. Accordingly, the Court DENIES his claim of prosecutorial misconduct as not cognizable.

**D.     Trial Court Error**

Petitioner argues that the trial court committed sentencing error which violated his Fourteenth Amendment right. First he argues that the trial court "revised Petitioner's change of plea form for the commission of the current offense and found that the Petitioner was convicted January 16, 2007 case SCD202611 . . . sustaining his first prior. But the court erred not applying the 10 year washout clause[7] 667.5(A) the Petitioner was entitled to since Petitioners last felony was February 9, 1993 . . . ." (Pet. at 44.) He also argues that the trial court never proved great bodily injury with respect to the prior conviction for purposes of the Three Strikes law.

First, alleged errors in the application of state law are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.1996) (holding that a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process"). In this case, Petitioner's claim involves an alleged error of state

---

[6] It appears that Petitioner only presented the argument that there was prosecutorial misconduct as to the admission of the prior convictions before the Court of Appeal.

[7] It appears he is referencing Penal Code section 667.5(a) concerning prison priors. It provides, that "no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." Cal. Penal Code § 667.5(a)

law. Therefore, his claims are not cognizable. However, even if the trial court error claims are cognizable, his claims are without merit.

The California Supreme Court denied the petition in a one-line denial on December 2, 2009. (Lodgment 3.) Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. Ylst, 501 U.S. at 801-06. On May 29, 2009, the Court of Appeal denied the claim of sentencing errors as failing to state a prima facie case for relief as the petition was incomprehensible. (Lodgment 8.) Since there is no reasoned state court opinion, the Court must conduct an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law. See Delgado, 223 F.3d at 982.

As to the first argument that the ten-year washout period of Penal Code section 667.5(a)[8] applies to him, Petitioner is mistaken. The only priors that were considered in his case was the one from January 16, 2007, which occurred slightly a year after the instant conviction. (1 CT 1-3; RT 341.) Therefore, Penal Code section 667.5(a) does not apply. Moreover, Respondent points out that the five year washout period under section 667.5(b) applied to his case, not section 667.5(a). (1 CT 2; 146; RT 341.) Lastly, Petitioner's argument is moot because the one-year term originally imposed for his prison prior was stricken on appeal. (Lodgment 7.)

The claim that the trial court never proved great bodily injury with respect to the prior conviction of discharging a firearm in a grossly negligent manner for purposes of the Three Strikes Law is also without merit. In order to qualify as a strike, the three strikes law requires that the prior offense be a serious felony as defined under section 1192.7(c). People v. Leslie, 47 Cal. App. 4th 198, 201 (1996). According to the Penal Code, a serious felony includes a "felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm. . . ." Cal. Penal Code § 1192.7(c)(8). The court of appeals has held

---

[8]California Penal Code section 667.5(a) provides that "[w]here one of the new offenses is one of the violent felonies specified in subdivision (c), in addition to and consecutive to any other prison terms therefor, the court shall impose a three-year term for each prior separate prison term served by the defendant where the prior offense was one of the violent felonies specified in subdivision (c). **However, no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction**." Cal. Penal Code § 667.5(a) (emphasis added).

that the crime of discharging a firearm in a grossly negligent manner qualified as a strike and a serious felony prior conviction under section 1192.7(c)(8). People v. Leslie, 47 Cal. App. 4th 198, 202-03 (1996). Moreover, Petitioner pled guilty in the 2007 conviction and acknowledged the conviction as strike and a serious felony prior. (ACT at 2; 4-5.) Accordingly, the Court DENIES the claim of trial court error.

### E. Certificate of Appealability

Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Based on the Court's review of the petition, the Court finds no issues are debatable among jurists of reason and that no jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See Slack, 529 U.S. at 484. Accordingly, a certificate of appealability is DENIED as to the claims in the petition.

### Conclusion

Based on the above, the Court DENIES the petition for writ of habeas corpus. The Court also DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED: August 2, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge